# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

| | |
|---|---|
| ANN MARIE DELGADO et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Docket no. 3:14-cv-1735 |
| | ) |
| DORADO HEALTH, INC. d/b/a MANATI MEDICAL CENTER, et al. | ) |
| | ) |
| Defendants. | ) |

## POST-CONFERENCE PROCEDURAL ORDER

On June 8, 2017, the Court held a telephonic conference of counsel to discuss preparation for trial of this matter. At the conference, the Court DENIED the various Motions to Continue Trial (ECF Nos. 324, 325, 327, 328) for reasons explained on the record.[1]

To the extent that Plaintiffs' Motion Submitting Agenda Items (ECF No. 330) additionally requested that the Court consider holding the final pretrial conference between September 25 and September 27, the Court DENIED that request and reiterated its intention to hold a pretrial conference during the week of September 11. The Court will make the necessary arrangements to be available any time between 7 AM and 6 PM Monday through Friday of that week. As stated on the record, Plaintiffs' counsel is hereby ORDERED to coordinate finding an agreeable time during that timeframe when all remaining parties can have at least one trial counsel present; that proposed date and time shall be submitted to the Court no later than June 15, 2017. Absent receipt of an agreed-upon date and time, the Court will set a date and time for the final pretrial conference during

---

[1] Attorney Picorelli's Informative Motion (ECF No. 326) is deemed MOOT given his participation in the telephonic conference.

1

that week. Once the pretrial conference date is set, the parties shall prepare and submit a proposed pretrial order in accordance with D.P.R. Local Rule 16(d).

At the conference, the Court raised the issue of subject matter jurisdiction that was mentioned by Defendant Cruzado in the Joint Pretrial Conference Report. See id. (ECF No. 256) at 78. Attorney Lopez indicated his client would still welcome the opportunity to brief this issue.[2] Because the Court is concerned that the argument raised in the Report potentially calls into question the Court's subject matter jurisdiction over one or more of Plaintiffs' claims, the Court will allow briefing on this issue on the following expedited schedule:

(1) Any Defendant may file a motion regarding the Court's subject matter jurisdiction by June 16, 2017.

(2) Plaintiffs shall file any response in objection no later than June 23, 2017.

(3) The Court will consider any reply filed within three (3) business days of Plaintiffs' Response.

To be clear, the Court reads the operative complaint as potentially stating two types of tort claims associated with the death of Mr. Luis Delgado; one is the "inherited claim" or "survivorship action," and the other is for the individual losses suffered by each of the three named plaintiffs. Compare Third Am. Compl. (ECF No. 42) ¶¶ 176 & 177 with id. ¶¶ 178-181; see also, e.g., Cason v. Puerto Rico Elec. Power Auth., 770 F.3d 971, 973-75 & n.2 (1st Cir. 2014). While the Court recognizes the federal judges to address the "inherited claim" issue have been "squarely divided," Cason, 770 F.3d at 975 & n.7, the Court reads a majority of the recent cases as accepting "the indispensability of all heirs to an estate when the same is a party to a claim." Caraballo v. Hosp.

---

[2] Other defense counsel indicated some additional information may be needed. After discussion, the Court ORDERED that Plaintiffs' counsel provide a copy of the birth certificate for the heir in question and any information in their possession regarding the name and contact information for the attorney who contacted them indicating a potential representation of the heir in question.

Pavia Hato Rey Inc., No. CV 14-1738 (DRD), 2017 WL 1247872, at *6 (D.P.R. Mar. 31, 2017) (citing Villanova v. Villanova, 184 D.P.R. 824, 839-40 (2012)).  Thus, the nature of the claims being pursued by Plaintiffs inevitably impacts who might be considered an indispensable party, which, in turn, impacts the assessment of whether there is the complete diversity necessary to maintain jurisdiction under 28 U.S.C. § 1332.  To the extent that any Defendant challenges this Court's jurisdiction over any "inherited claim," it is ultimately Plaintiffs' burden to prove "by a preponderance of the evidence the facts supporting jurisdiction."  Melendez-Garcia v. Sanchez, 629 F.3d 25, 40 (1st Cir. 2010) (internal quotations and citations omitted).

With this backdrop, the Court specifically requests that the parties' briefing address their respective positions on whether any "inherited claim" is being pursued in this action, whether there is a non-diverse heir who has not been joined in this case, and whether the joinder of any indispensable party has been waived given the procedural history of this case.  Additionally, assuming there is no waiver of the joinder issue, the parties should address whether the remedy for any finding that this Court lacks the complete diversity necessary to hear an "inherited claim" is dismissal of only those "inherited claims" or the entire action.

SO ORDERED.

    /s/ George Z. Singal
    United States District Judge

Dated this 9th day of June, 2017.