UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| ANN MARIE DELGADO et al., | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiffs, | ) |  |
|  | ) |  |
| v. | ) | Docket no. 3:14-cv-1735 |
|  | ) |  |
| DORADO HEALTH, INC d/b/a MANATI | ) |  |
| MEDICAL CENTER, et al., et al. | ) |  |
|  | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**ORDER ON PENDING MOTIONS**

Before the Court are two motions to dismiss (ECF Nos. 337 & 338) as well as two motions seeking joinder in these motions to dismiss (ECF Nos. 340 & 342) (together, "Defendants' Motions"). Defendants' Motions were filed and briefed in accordance with the Court's June 9, 2017 Procedural Order (ECF No. 332). In short, via these Motions, all of the remaining Defendants seek dismissal of various claims for lack of subject matter jurisdiction. As explained herein, the Motions are GRANTED IN PART AND DENIED IN PART.

**I.  STANDARD OF REVIEW**

"Federal courts are courts of limited jurisdiction. They cannot act in the absence of subject matter jurisdiction, and they have a sua sponte duty to confirm the existence of jurisdiction in the face of apparent jurisdictional defects." See United States v. Univ. of Massachusetts, Worcester, 812 F.3d 35, 44 (1st Cir. 2016) (citation omitted), cert. denied sub nom. U.S. & Massachusetts ex rel. Willette v. Univ. of Massachusetts, Worcester, 137 S. Ct. 617, 196 L. Ed. 2d 513 (2017). "If

the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

The diversity statute gives federal courts jurisdiction over suits between citizens of different states, provided the amount in controversy is more than $75,000.00. See 28 U.S.C. § 1332(a). However, when there are multiple plaintiffs and defendants, diversity jurisdiction may be invoked only where there is complete diversity. See, e.g., Flores v. Wyndham Grand Resort, 873 F. Supp. 2d 444, 448 (D.P.R. 2012) ("Diversity jurisdiction requires complete diversity of citizenship between all plaintiffs involved and all defendants involved.") To determine the diversity of the parties, the Court looks at the domicile of the parties at the time the complaint was filed. See Melendez-Garcia v. Sanchez, 629 F.3d 25, 40-41 (1st Cir. 2008). "[O]nce challenged, the party invoking subject matter jurisdiction [here, Plaintiffs] ha[ve] the burden of proving by a preponderance of the evidence the facts supporting jurisdiction." Bank One, Texas, N.A. v. Montle, 964 F.2d 48, 50 (1st Cir. 1992) (internal quotations and citations omitted); see also Melendez-Garcia, 629 F.3d at 40.

In determining whether a particular unnamed party is indispensable, the Court's analysis is guided by Federal Rule of Civil Procedure 19, which calls for a two-step process. United States v. San Juan Marina, 239 F.3d 400, 405 (1st Cir. 2001). The first step requires the Court to determine if the proposed party is a required party in accordance with Rule 19(a). As relevant here, if the Court determines that a person falls within one of the categories listed in Rule 19(a) but the joinder of this party "is not feasible," the Court "must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). "Where jurisdiction depends solely on diversity of citizenship, the absence of a nondiverse, indispensable party is not a mere procedural defect. Rather, it destroys the district

court's original subject matter jurisdiction." Picciotto v. Cont'l Cas. Co., 512 F.3d 9, 20 (1st Cir. 2008) (citing Calcote v. Texas Pac. Coal & Oil Co., 157 F.2d 216, 219, 221 (5th Cir.1946)).

**II. DISCUSSION**

The briefing submitted in connection with the pending motion clarifies two points. First, the Third Amended Complaint states two types of tort claims associated with the death of Mr. Luis Delgado; one is the "inherited claim" or "survivorship action," and the other is for the individual losses suffered by each of the three named plaintiffs. See Third Am. Compl. (ECF No. 42) ¶¶ 176-181; Pls. Response (ECF No. 339) at 4; see also, e.g., Cason v. Puerto Rico Elec. Power Auth., 770 F.3d 971, 973-75 & n.2 (1st Cir. 2014). Second, the preponderance of the proffered evidence supports a finding that there are two heirs of Mr. Delgado who are residents of Puerto Rico but are not named Plaintiffs in this action.[1] See Pls. Response at 5. All parties agree that addition of these two heirs would destroy complete diversity and, as a result, is not feasible.

With this starting point, the first question that the Court must answer is whether these two heirs are indispensable to resolution of the inherited claim. Recognizing the district court split on the issue of who is deemed an indispensable party to an inherited claim that arises under Puerto Rico law,[2] the Court reads a majority of the recent cases as accepting "the indispensability of all heirs to an estate when the same is a party to a claim." Caraballo v. Hosp. Pavia Hato Rey Inc., No. CV 14-1738 (DRD), 2017 WL 1247872, at *6 (D.P.R. Mar. 31, 2017) (citing Villanova v.

---

[1] The two heirs in question are a daughter, Sofia Antionelle Marie Delgado Gutarra, and Mr. Delgado's widow, Marie de los Angeles Albert Sauri.

[2] The First Circuit described the district courts as "squarely divided." Cason, 770 F.3d at 975 & n.7.

3

Villanova, 184 D.P.R. 824, 839-40 (2012)).[3] Following these cases, the Court likewise concludes that Mr. Delgado's two heirs who are domiciled in Puerto Rico are required parties; however, their joinder would destroy federal subject matter jurisdiction.

The next question is the proper remedy for this scenario. Under Rule 19(b), the Court is required to consider a number of factors. As to the first factor, the Court readily concludes that a judgment on the inherited claim could prejudice one or both of the absent heirs as well as Defendants.[4] See Fed. R. Civ. P. 19(b)(1). The Court fails to see how this prejudice could be lessened or avoided by any measures that the Court might be able to impose given the existing Commonwealth law governing survivorship claims. See Fed. R. Civ. P. 19(b)(2). Turning to the third factor, the Court concludes that piecemeal litigation of the claims surrounding the death of Mr. Delgado is apparently inevitable; as such, the public's goal of "adequate" judgments cannot be achieved by allowing this litigation to proceed in its current configurations (i.e., the inherited claim and individual claims of diverse heirs in federal court and individual claim of widow before Commonwealth courts). See Republic of Philippines v. Pimentel, 553 U.S. 851, 870 (2008) ("[A]dequacy refers to the public stake in settling disputes by wholes, whenever possible.") Finally, it does appear that Plaintiffs would have an adequate remedy if the Court were to dismiss the inherited claim as there is no apparent impediment to Plaintiffs joining the existing

---

[3] See also, e.g., Rivera v. Gonzalez, No. CIV 15-2080 MEL, 2017 WL 1247875, *2-*3 (D.P.R. March 31, 2017); Gonzalez v. Presbyterian Community Hospital, No. 13-1886 (PAD), 103 F. Supp. 3d 198, 199 (D.P.R. 2015); Betancourt v. United States, No. CIV. 12-1326 MEL, 2014 WL 58446745, *3 (D.P.R. Nov. 12, 2014); Reyes–Ortíz v. HIMA San Pablo–Bayamón, No. 11–1273, 2014 U.S. Dist. LEXIS 150680, *4 (D.P.R. June 16, 2014); Pagán–Ortíz v. Carlo–Dominguez, 977 F. Supp. 2d 106, 107 (D.P.R. 2013); Casillas–Sanchez v. Ryder Mem'l Hosp., Inc., No. 11–2092, 2013 U.S. Dist. LEXIS 109141, at *1 (D.P.R. July 30, 2013); Segura–Sanchez v. Hosp. Gen. Menonita, Inc., 953 F. Supp. 2d 344, 348 (D.P.R. 2013); Pino–Betancourt v. Hosp. Pavía Santurce, 928 F. Supp. 2d 393, 396 (D.P.R. 2013); Cruz-Gascot v. HIMA-San Pablo Hosp. Bayamon, 728 F. Supp. 2d 14, 20-25 (D.P.R. 2010).

[4] The Court acknowledges that Plaintiffs provide a compelling argument that the statute of limitations would foreclose the filing of any action by Mr. Delgado's daughter. See Pls. Response at 6-7. Assuming without deciding that the claims of this particular heir are now time barred, the Court necessarily acknowledges that there would appear to be no apparent prejudice to Delgado Gutarra.

Commonwealth action brought by the widow and completing the litigation of this particular claim in that forum. See Fed. R. Civ. P. 19(b)(4); see also Pls. Response at 20.

Having considered all of the required factors and the existing precedent, the Court concludes that in equity and good conscience it cannot allow the three named Plaintiffs to pursue the asserted survivorship claim in this action. However, the Court likewise concludes that Plaintiffs' individual claims—over which this Court clearly has subject matter jurisdiction and which have been the subject of litigation before the district court for many years—should be allowed to proceed to trial as a matter of equity and good conscience.

### III. CONCLUSION

For the reasons just stated, Defendants' Motions are GRANTED to the extent that they sought dismissal of any claims or requests for damages that belong to the decedent's estate. This inherited claim is hereby dismissed without prejudice. To the extent that each Plaintiff also states his or her own individual tort claims, the Motions are DENIED and this matter shall continue to trial on those remaining individual claims.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 11th day of July, 2017.