# UNITED STATES DISTRICT COURT
# DISTRICT OF PUERTO RICO

ANA MARIE DELGADO, et al., )
                                       )
            Plaintiffs, )
                                       )
v.                                  )     Docket no. 3:14-cv-1735-GZS
                                       )
DORADO HEALTH INC. d/b/a MANATI )
MEDICAL CENTER, et al., )
                                       )
                                       )
            Defendants. )

## FINAL PRETRIAL ORDER

**CAVEAT: READ THIS ORDER ON RECEIPT. IT SPECIFIES THE COURT'S ORDERS AND REQUIREMENTS FOR TRIAL OF THIS CASE. LACK OF KNOWLEDGE OF ITS CONTENTS CAN HAVE SERIOUS ADVERSE CONSEQUENCES TO A LITIGANT'S POSITION AT TRIAL.**

A final pretrial conference was held on Friday, February 16, 2018, at 10 AM with the following counsel participating:

    For Plaintiffs:        David C. Indiano, Esq.
                                      Ileana C. Cardona-Fernández, Esq.
                                      Jeffrey M. Williams, Esq.
                                      Vanesa Vicéns Sánchez, Esq.

    For Defendants:     Kermit Ortiz-Morales, Esq.
                                      Michael C. McCall, Esq.
                                      Giovanni Picorelli-Ayala, Esq.
                                      Jose A. Gonzàlez-Villamil, Esq.
                                      José A. Miranda-Daleccio, Esq.
                                      Jorge J. López-López, Esq.

**1. Scheduling**

This matter is scheduled for jury selection on February 28, 2018, at 9:30 AM before Magistrate Judge Carreno-Coll. Requested voir dire must be filed no later than February 26, 2018. Nine jurors will be selected.

Trial will commence on March 5, 2018. Trial will conclude no later than March 23, 2018. Each trial day will begin at 9 AM and conclude at 5 PM. There will be a one-hour lunch break and two fifteen-minute breaks at approximately 10:30 AM and 2:30 PM.

At the conference, the Court and counsel discussed the feasibility of completing this trial within ten trial days. The Court ordered counsel to confer in this regard and attempt to come up with a plan to divide up the allotted trial time such that only ten trial days are necessary. Counsel were instructed to report to the Court on the results of this meeting by February 20, 2018.

**2. Pending Motions**

After discussion at the conference, six pending motions in limine remained on the docket (ECF Nos. 383, 385, 391, 392, 393 & 394). Any responses to these motions shall be filed no later than noon on February 23, 2018. No replies will be permitted.

At the conference, counsel indicated that no additional motions in limine are planned. However, the Court notes that Plaintiffs have since filed one additional motion in limine to preclude testimony of Ramon Cao (ECF No. 398). This motion relates to a topic raised by Plaintiff at the conference but upon which Defendants indicated an unwillingness to consent. Defendants are hereby instructed to file any objection to this Motion (ECF No. 398) **<u>no later than noon on February 23, 2018.</u>**

The default deadline for any additional motions in limine is noon on February 23, 2018. Any responses to motions filed on that date must be filed by noon on March 1, 2018. No replies will be permitted.

**3. Stipulations**

Counsel shall reduce all stipulations to which agreement can be obtained to a single written document, signed by all counsel, indicating agreement to the stipulations in a form satisfactory to permit the document to be offered as a joint exhibit and read to the jury at trial. If the parties fail to reach agreement on how and when this exhibit will be presented to the jury, they shall raise the issue by filing a motion **no later than March 2, 2018.**

In the event there are separate stipulations to be presented for the trial judge's consideration on other matters (e.g., policy limits or other evidentiary matters), these stipulations should be put in a separate document.

**4. Exhibits**

Counsel shall premark exhibits and prepare a joint consolidated exhibit list. Any exhibit not in English shall include a certified translation as part of the exhibit. See Local Rule 5(g). Two sets of these premarked exhibits (one courtesy copy and one for the trial) shall be delivered to the Clerk's Office **no later than noon on February 26, 2018**.

To streamline the marking of exhibits and ensure that exhibit numbers referenced during the trial relate to only one exhibit, the Court is reserving exhibit numbers as follows:

> Exs. # 1-49 - Plaintiffs
> Exs. # 50-99 – Defendant Dorado Health, Inc.
> Exs. # 100-149 – Defendant Continental Insurance Company
> Exs. # 150-199 – Defendant Dr. Juan Perez Rosado
> Exs. # 200-249 – Defendant Dr. Armando Cruzado Ramos
> Exs. # 250 – 299 – Defendant SIMED
> Exs. # 300 – 349 – Any joint exhibits
> Exs. A-Z – Any court exhibits

The parties shall submit a joint consolidated exhibit list in the format that is being provided to all counsel by the Court. This format requires any party with an objection to an exhibit to note the objection and the basis for the objection. Exhibits with no objections listed will be admitted without objection. In other words, objections not listed on the joint exhibit list will be waived.

The Joint Consolidated Exhibit List shall be filed **no later than noon on February 28, 2018**.

As discussed at the conference, the insurer defendants are free to submit the relevant insurance contracts as sealed exhibits that will not be provided to the jury. Alternatively, the parties are free to reach stipulations for the Court's use with regard to applicable policy limits.

**5. Proposed Jury Instructions & Proposed Verdict Forms**

In accordance with Local Rule 51, counsel shall file their proposed jury instructions by **no later than February 26, 2018.** Alternatively, counsel shall notify the Court by way of a filing on the docket that they will be relying on their previously filed proposed jury instructions and verdict forms.

At conference, the issue of apportionment of any damages awarded was discussed, and it was apparent to the Court that this is an area of significant disagreement between the parties. Any remaining Defendant seeking apportionment of damages shall file a motion **no later than February 23, 2018.** Said motion shall specifically state the names of the persons and/or entities that the Defendant asserts may be included in the apportionment of damages. Additionally, each motion shall indicate Defendant's position on whether apportionment is to be decided by the jury or the Court. Each motion shall include supporting case law; to the extent that the supporting case law is in Spanish, the Court appreciates if counsel can attach to the motion an official translation

of the cited case law.  Plaintiff shall file any objection to these motions within seven days and **no later than noon on March 2, 2018.**  No replies will be permitted.

**6. Opening Arguments**

Each party will have 45 minutes for opening argument.  One five-minute warning will be provided by the Court.  Counsel are reminded to avoid argumentative opening statements.  Additionally, counsel are reminded that disclosure of the ad damnum or requesting a dollar amount for pain and suffering is forbidden under First Circuit precedent.

**7. Witnesses**

All counsel shall make arrangements to schedule the attendance of witnesses and any required interpreters so that the trial can proceed without any unnecessary delay.  Counsel shall ensure that they have their next witness ready to be called to the stand as soon as the examination of the current witness concludes.

As discussed at the conference, non-party and non-expert witnesses shall be sequestered.  Counsel shall instruct any witness who is not a party or a designated expert that the witness is not permitted to be in the courtroom during any trial proceedings until the witness has testified and been excused finally.

Each party will be permitted to recall a witness during its presentation of evidence and need not exhaust all questioning of the witness during cross-examination.  However, the Court encourages counsel to streamline the questioning of any witness when they can do so.

**8. Trial Etiquette**

**Be on time.**  Start times will be enforced.  The Court will begin the day and resume proceedings after breaks without counsel, if necessary.  The Court will not tolerate tardiness by counsel and counsel are on notice that there will be penalties for repeated, unexplained failures to be in the courtroom on time, including potential reports to the bar or being held in contempt of court.

**Be trained and prepared to use any courtroom technology.**  To the extent any counsel is not familiar with how to use the evidence presentation equipment available in the courtrooms where this trial will be held, it is counsel's responsibility to arrange for training and ensure the compatibility of their training and equipment with the courtroom's capabilities.  The Court will not take recesses due to any audio-visual equipment issues if the Court determines the issues are the result of counsel's lack of training and/or preparation.

**Use the podium.**  Counsel shall use the podium for opening statements and closing arguments.  Do not approach the jury box.  Ask permission before approaching a witness.

**No speaking objections.**  When making an objection, counsel shall stand, state "Objection" and the basis for that objection (e.g., "Hearsay" or "Rule 403").  Counsel shall await direction from the Court before further arguing any objection.  The Court will attempt to keep sidebar conferences to a minimum and counsel are encouraged to raise issues that must be heard outside the presence of the jury at the beginning and end of the trial day and/or during jury recesses.

**One attorney per witness.**  As already noted in its ruling on Plaintiff's related motion in limine, Plaintiffs and each co-defendant shall designate one attorney per witness.  The designated attorney shall be responsible for not only examination of the witness but also all objections and speaking on behalf of that party at any sidebar related to that witness.  While the designated

attorney for any witness is free to confer with co-counsel, the Court will not allow more than one attorney per party to speak in connection with a single witness.

**<u>Use the English language in the presence of the judge.</u>** Counsel are reminded that conversations among counsel must be in English if the presiding judge is present.

### 9. Deposition Transcripts

At the conference, counsel indicated that no testimony will be presented by way of depositions and that there will be no video deposition evidence.

In an abundance of caution, the Court instructs the parties that the Court generally requires that any deposition transcript or video, even if used as part of cross-examination only, is required to be thoroughly and completely edited to excise therefrom all extraneous, unnecessary, redundant and irrelevant matter. Additionally, opposing counsel must be provided an opportunity to review any proffered deposition excerpts prior to counsel seeking to admit any such excerpt at trial. Failure to edit and supply opposing counsel an opportunity to review the edited excerpt may result in exclusion of any excerpt.

These rules are intended to ensure the expeditious and orderly progress of the trial without unnecessary sidebars or delay.

### 10. Juror Notebooks

Counsel are reminded that the court will permit the jurors to take notes and will furnish them with individual notebooks for that purpose. Included within the notebooks are a glossary containing common legal terms, such as "sidebar," and a guide titled "Preliminary Jury Instruction," which consists of the same general instructions that the Court will provide the jury at

the beginning of the case. Counsel are encouraged to review the glossary and the guide. Any objection to the use of the glossary or the guide at trial shall be filed **by March 2, 2018**.

      **Counsel are advised that for unjustified failure to comply with the foregoing requirements, the Court may refuse to admit exhibits or testimony of witnesses or impose other appropriate sanctions where noncompliance is found by the Court to have caused undue delay or prejudice.**

      SO ORDERED.

                                              /s/ George Z. Singal
                                               United States District Judge

Dated this 20th day of February, 2018.